124

[795 NYS2d 90]

In the Matter of BERNARD BRONNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 9, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge, for petitioner.

*Bernard Bronner*, New York City, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November 5, 2004, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the petitioner's investigation and uncontroverted evidence establishing his failure to preserve two separate real estate contract deposits entrusted to him in escrow. In that decision and order on motion, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, the issues raised were referred to Honorable Joseph A. Esquirol, Jr., as Special Referee to hear and report, and the respondent was directed to serve an answer to the petition and to file it with the Court within 20 days after service upon him of a copy of the decision and order on motion dated November 5, 2004. The petitioner now moves to disbar the respondent on default on the ground that he has failed to serve and file an answer to the petition.

A copy of the Court's decision and order on motion dated November 5, 2004, was served personally upon the respondent. To date, the respondent has failed to serve an answer to the petition, notwithstanding the directive that he do so within 20 days after service upon him of a copy of the decision and order on motion. Instead, he has submitted opposition papers to the motion which do not contain an answer to the petition, and do not controvert the underlying facts giving rise to the petition. The mandatory language in this Court's decision and order on motion dated November 5, 2004, expressly states that the respondent was required to answer the petition within 20 days after service. As previously stated by this Court in directing the respondent's suspension from the practice of law: "[T]he respondent should not be permitted to benefit from his dilatory tactics which have thwarted the Grievance Committee's investigation."

Accordingly, the petitioner's motion to disbar the respondent on default is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., H. MILLER, SCHMIDT, ADAMS and COZIER, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Bernard Bronner, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Bernard Bronner, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Bernard Bronner, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Bernard Bronner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).